

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**



**United States Bankruptcy Judge**

**Signed October 21, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MARY JO DICKERSON | § | Case No. 09-70351 |
| | § | |
| | § | Chapter 13 |
| DEBTOR | § | |
| ****************************** | § | |
| MARIX SERVICING, LLC AS SERVICER | § | |
| IN FACT AND ATTORNEY IN FACT FOR | § | |
| ARCH BAY HOLDINGS, LLC SERIES 2009C | § | |
| ITS ASSIGNS AND/OR SUCCESSORS | § | |
| IN INTEREST | § | |
| Movant | § | |
| | § | |
| V. | § | |
| | § | |
| MARY JO DICKERSON and | § | |
| WALTER 12, 13 OCHESKEY, Trustee | § | |
| Respondents | § | |

**AGREED ORDER RELATIVE TO**
**THE AUTOMATIC STAY OF 11 U.S.C. § 362**

Came on to be considered the Motion for Relief from the Automatic Stay of 11

U.S.C. § 362 filed by MARIX SERVICING, LLC AS SERVICER IN FACT AND

1795536-1:FIMARX:0115

ATTORNEY IN FACT FOR ARCH BAY HOLDINGS, LLC SERIES 2009C ("Movant"), a secured creditor in the above entitled and numbered cause, and Movant and the Debtor, MARY JO DICKERSON, by and through her attorney, MONTE J. WHITE, having announced that they have reached an agreement whereby the automatic stay of 11 U.S.C. § 362 should be continued in effect, pending the entry of the Discharge Order in Debtor's main bankruptcy case, with regard to Movant and the Property on the terms and subject to the exceptions set out in this Order and it appearing that due notice of said Motion having been properly given and the Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore,

ORDERED, ADJUDGED, and DECREED that the automatic stay of 11 U.S.C.§ 362 be, and same is hereby, continued in effect pending the entry of the Discharge Order in, or the dismissal of, Debtor's main bankruptcy case, subject to the exceptions set out in this Order, provided that Debtor shall continue to remit to the Movant the regular post-petition monthly payments pursuant to that certain Note dated JANUARY 18, 2007, in the original principal sum of $64,000.00, executed by Debtor, bearing interest and being payable as therein set out, being secured by the DEED OF TRUST of even date therewith, filed in the Official Public Records of Real Property of WICHITA County, Texas, and creating a valid, first lien on improved real property in WICHITA County, Texas, being further described as follows:

> **LOT NO. THREE (3), BLOCK "C", CITY VIEW HEIGHTS, AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA FALLS, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 25, PAGE 184, WICHITA COUNTY PLAT RECORDS PROPERTY MORE COMMONLY KNOWN AS 4301 GRANDVIEW SOUKTH, WICHITA FALLS, TEXAS 76306**

1795536-1:FIMARX:0115

("Property") in the current amount of $823.47 per month, as same may periodically be adjusted, commencing on the FIRST (1ST) day of NOVEMBER 2010, and continuing regularly on the first day of each and every consecutive calendar month thereafter until the indebtedness evidenced by said Note is fully paid (it being expressly understood and agreed that the payment is due on the 1st day of the month notwithstanding any grace period prior to imposition of a late charge). It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby continued in effect, pending the entry of the Discharge Order in, or the dismissal of, Debtor's main bankruptcy case, subject to the exceptions set out in this Order provided that Debtor shall cure the post-petition arrearage and pay attorney fees and costs in the total amount as set forth below:

| | |
|---|---|
| 1 Post petition payments @ $823.47 for (10/10) | $823.47 |
| 1 Late charge @ $28.56 for (10/10) | $28.56 |
| Attorney fees & costs | $650.00 |
| **TOTAL** | **$1,502.03** |

The Debtor shall have 30 days from entry of this order to modify her Chapter 13 Plan to include Movant's post-petition arrears and attorney's fees and costs **(total of $ 1,502.03)** to be paid in addition to Movant's <u>secured pre-petition arrears of $6,349.85</u> as referenced in its Proof of Claim. The total secured arrearage claim to be paid through Debtor's modified Chapter 13 Plan to Movant shall therefore be **<u>$7,851.88</u>**. It is further

ORDERED that Debtor maintains hazard insurance coverage, if not escrowed for such, on the improvements to the Property, and flood insurance if the Property lies within a flood zone, in the amount of the full insurable value thereof, so long as the Debtor owns

1795536-1:FIMARX:0115

the Property, showing Movant as the lien holder and loss payee, and provided further that said Debtor furnishes proof of such insurance coverage to Movant, its successors and assigns, within ten (10) days after a request therefore. Failure to provide Movant proof of adequate insurance coverage within the specified time period shall result in automatic termination of stay. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby, continued in effect with respect to Movant, its successors and assigns, and the Property, provided that Debtor timely pays the ad valorem taxes, if not escrowed for such, covering the Property for calendar year 2010 and subsequent years, on or before January 28th of the next succeeding calendar year, for which such taxes are due, and continuing annually thereafter until the indebtedness secured by the Property is fully paid. Failure to pay all ad valorem taxes in full within the specified time period shall result in automatic termination of stay. It is further

ORDERED the Movant will not be in violation of the automatic stay by sending the Debtor the usual and customary monthly statements concerning the Debtor's accounts. It is further

ORDERED that Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payment(s) owed to the Trustee, if applicable, within thirty (30) days of the date this Order is signed by the Bankruptcy Judge. It is further

ORDERED that the payment term of this Chapter 13 Order shall not survive upon conversion to a Chapter 7 and Movant shall not be bound by the payment schedule in the event of conversion. It is further

ORDERED that Debtor's tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Agreed Order. It is further

ORDERED that in the event Debtor fails to abide by any term of this Order and/or timely make and deliver any such payment to Movant, MARIX SERVICING, LLC, 1925 W. PINNACLE PEAK ROAD, PHOENIX, AZ 85027 and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtor at 4301 GRANDVIEW S., WICHITA FALLS, TX 76306, and to said Debtor's counsel of record, MONTE J. WHITE, Debtor shall have ten (10) days within which to cure the default. All funds in connection with the defaulted amount must be submitted in *certified funds or money orders* and Movant may charge Debtor $75.00 for any notice given pursuant to this Order**.** Upon the Debtor's failure to cure such default within ten (10) days after the sending of written notice of default (it being expressly understood and agreed that Debtor is entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to take all action authorized under the contract and applicable law, including, without limitation, loan workouts, foreclosure and/or eviction. It is further

ORDERED that upon default, Movant shall notify the Court, Debtor, Debtor's attorney, and the Chapter 13 Trustee that the automatic stay has been terminated. It is further

ORDERED that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived and Movant, its successors and assigns, may

1795536-1:FIMARX:0115

immediately enforce and implement the terms of this order granting relief from the automatic stay.

###

APPROVED:

*The undersigned counsel of record certifies compliance with Rule 4001.*

By: /s/Patrick McCarren
    Carolyn A. Taylor    TBA #08526800/FIN 1290
    Dominique Varner    TBA #00791182/FIN 18805
    Brendetta A. Scott    TBA #24012219/FIN 24592
    Patrick McCarren    TBA # 24051670
    Pascal Arteaga    TBA#24064838
    333 Clay 29th Floor
    Houston, Texas 77002
    Telephone (713) 759-0818
    Telecopier (713) 759-6834
    ATTORNEY IN CHARGE FOR MOVANT

By: /s/Monte J. White
    MONTE J. WHITE
    1106 BROOK AVENUE
    HAMILTON PLACE
    WICHITA FALLS, TX 76301
    Telephone (940) 723-0099
    Telecopier (940) 723-0096
    ATTORNEY FOR DEBTOR

By: /s/Mary Dickerson
    MARY DICKERSON
    4301 GRANDVIEW S.
    WICHITA FALLS, TX 76306

1795536-1:FIMARX:0115